IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| EMANUEL JARREL, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NUMBER 1:05-CV-234-C |
| | § | |
| TAYLOR COUNTY COURT, et al, | § | |
| | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Application for Leave to Proceed *in forma pauperis*, which was filed on December 20, 2005, and the Defendants' Motion to Dismiss, which was filed on March 30, 2006.

### Analysis

When a party seeks to proceed *in forma pauperis,* the Court shall dismiss the complaint at any time if the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such claims. 28 U.S.C. § 1915(e)(2)(B). Although *pro se* complaints are to be construed liberally, this Court is still bound by the allegations in the complaint, and is not free to speculate that the plaintiff "might" be able to state a claim if given another opportunity. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th. Cir. 1994).

**Plaintiff's Claims**

In his Complaint, Plaintiff alleges that "this action is brought under sections 202 and 203 of the ADA, 42 U.S.C. 12132 and 12133–incorporating by reference the remedies, procedures, and rights under the Rehabilitation Act, 29 U.S.C. 794 and 794a, and under Section 505 of the Rehabilitation act, which enforces Section 504 of the Rehabilitation Act, 42 U.S.C. 794 and 794a–incorporating the remedies, rights, and procedures set forth in Section 717 of the Civil Rights Act of 1964, including the application of Sections 706(f) through 706(k), 42 U.S.C. 2005e-5(f)-(k)."(Compl. At ¶ 1.) Plaintiff further alleges that "[t]his action is also brought under the Architectural Barriers Act of 1968 as addition jurisdiction over the federal defendant; more specifically, communications barriers."(Compl. At ¶ 2.) The disability plaintiff is alleging is his own insanity. Plaintiff was ordered to clarify his claim through a questionnaire. In his questionnaire, Plaintiff stated that there was no public procedure for accommodation of his disability, to the best of his knowledge, despite a request made to the "Clerk of the Court, State Judge's Secretary, Courts, both federal and state, respectively". (Questionnaire At ¶ 3-4.)

**Immunity of the Federal Courts**

The Courts of the Northern District of Texas are federal courts and enjoy general sovereign immunity from suit as part of the federal government. *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).

Both the ADA and the Rehabilitation Act Provision under which the plaintiff pleads his allegations are directed toward state and local government agencies or instrumentalities. 42 U.S.C. § 12131 (a "public entity" includes only a State or local government or any department, agency, special purpose district, or other instrumentalities of a State or local government); 29 U.S.C. § 794 (defining a "program or activity" to mean all of the operations of a department,

agency, special purpose district, or other instrumentality of a State or local government).

Plaintiff has also plead allegations against the Northern District by the way of the Architectural Barriers Act of 1968, 42 U.S.C. §4151. (Compl. At ¶ 2.) However, the Architectural Barriers Act applies specifically to barriers that prevent "physically handicapped persons" from having "ready access to, and use of" federal buildings.  42 U.S.C. §4151-52.  Plaintiff's claims against the Northern District based upon the Architectural Barriers Act are unsuccessful because Plaintiff has alleged "communications barriers" as the basis for such a claim rather than any physical handicap or barrier.

In his questionnaire, Plaintiff alleges that the particular communication barrier is the poor marking of the Courthouse's location. (Questionnaire at ¶ 9.)  There is no basis in case law to support the notion that requires buildings under the Architectural Barriers Act to be identified to the satisfaction of a person who, in his own pleading, claims he cannot understand and comprehend fact or reality. (Compl. At ¶ 4.)  Plaintiff does not qualify under the Act because he has not alleged any sort of physical handicap, rather, he claims to suffer from a mental impairment.

Plaintiff has also based his claims against the Northern District on provisions he found in Title VII, 42 U.S.C. §§ 2000e-5 (f)-(k).  However, these provisions apply to "unlawful employment practices." 42 U.S.C. § 2000e-5(a)(enforcement provisions found in § 2000e-5 are provided to prevent unlawful employment practices).  The Plaintiff has not alleged any sort of employment relationship with the Northern District of Texas courts.

Plaintiff's allegations, even when construed liberally, cannot state a claim upon which relief can be granted against the United States District Court for the Northern District of Texas, Abilene Division.  All of Plaintiff's claims are meritless and are dismissed.

**Insufficiency of Claims against the State Courts**

Plaintiff alleges that "Taylor County Court and Taylor County 104th District Court denied Plaintiff access to defendant's programs, activities or services" on multiple occasions. (Compl. At ¶ 5.) It is unclear in what was or how the denial occurred on any of the dates mentioned. Plaintiff was also unwilling to elaborate as to what programs and services he was denied. He alleges he was denied "all programs/services" but declines to go into more detail (Questionaire at ¶ 2-4).

Plaintiff alleges that he "is an otherwise qualified individual with a physical or mental impairment of schizophrenia, dementia, and other mental illness that substantially limits the major life activities of [Plaintiff's] social interactions or communications (including understanding and comprehension of fact or reality as agreed upon by the general milieu from imagination or misinterpretation), hereafter disability." (Compl. At ¶ 4.)  Thus, it appears that the Plaintiff is alleging that the state court denied him access to some program or service to which he believes he was entitled but has failed to articulate.

Plaintiff denies that this case was brought in conjunction with an unfavorable ruling in another case. (Questionnaire At ¶ 5.)  Plaintiff alleges that the reason for the denial of his requested "reasonable accommodation" was not stated by the court. (Compl. At ¶ 4.)  It is unclear exactly what program or service was denied to the Plaintiff on the dates given, and Plaintiff refused to clarify with any specificity what programs were denied in the questionnaire. (Compl. At ¶ 6), (Questionnaire. At ¶ 2-4.)

Plaintiff repeatedly states that the courthouses have "denied all [his] requests for accomodations [sic]," however, at no point in his questionnaire or complaint does he state what accommodations he was seeking, why they were denied, and why he is entitled to these

accommodations.(Questionnaire. At ¶ 8.)   Plaintiffs complaint does not meet the basic notice pleading requirements set out in Rule 8 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(e) ("each averment of a pleading shall be simple, concise, and direct").

## Conclusions

Because it appears on the face of the complaint that relief cannot be granted, the claims against Taylor County 104th District court are dismissed.  The claims against the United States District Court in the Northern District of Texas are dismissed because all federal courts are privileged with sovereign immunity, making them immune from suit.

SO ORDERED.

Dated this   28th  day of July, 2006

/s/ MARY LOU ROBINSON
MARY LOU ROBINSON
United States District Judge